IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 11-0086-05 |
| WILLIAM TRIPP | : | |

# MEMORANDUM

**SURRICK, J.**                                                                                         **MARCH  20 , 2012**

Presently before the Court is Defendant William Tripp's Motion for Severance. (ECF No. 103.) For the following reasons, Defendant's Motion will be denied.

## I.    BACKGROUND[1]

Defendant William Tripp is charged, along with three Codefendants, Jonathan Scott, George Miller and Jurea Wilson, in a Second Superseding Indictment that was returned on February 28, 2012. (Second Superseding Indictment, ECF No. 100.) Defendant is charged in four of the sixteen counts contained in the Second Superseding Indictment. Specifically, Defendant is charged with receiving, possessing, concealing, storing, bartering or selling stolen firearms in violation of 18 U.S.C. § 922(j) (Count Eleven); possessing a machine gun in violation of 18 U.S.C. § 922(o) (Count Twelve); possessing firearms not registered, in violation of 26

---

[1] For purposes of dealing with Defendant's Motion to Sever, we accept as true the factual allegations set forth in the Second Superseding Indictment. *See United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001) (noting that "[t]he propriety of joinder 'is to be determined before trial by examining the allegations contained in the indictment'") (citation omitted); *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) ("The propriety of joinder under Rule 8 is determined by the initial allegations of the indictment, which are accepted as true absent arguments of prosecutorial misconduct.") (citing *Schaffer v. United States*, 362 U.S. 511, 513 (1960)). In addition, we may "look beyond the face of the indictment" to representations made in pretrial documents where those documents "clarify factual connections between the counts." *United States v. McGill*, 964 F.2d 222, 242 (3d Cir. 1992).

U.S.C. §§ 5845(a), 5861(d), and 5871 (Count Thirteen); and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Sixteen).[2] The Second Superseding Indictment also charges the three Codefendants with conspiracy to receive, possess, conceal, store and sell or dispose of stolen firearms and other crimes. (Second Superseding Indictment 5.) The alleged conspiracy centers around the theft of machine guns, firearms and ammunition from a truck belonging to a federal firearms licensee on or about December 21, 2008, and the subsequent storage and sale of the contraband. (*Id.* at 5-7.) Defendant is not charged in the conspiracy count, and had no part in the theft or storage of the contraband. However, one of the overt acts listed in the conspiracy count alleges that Codefendant Miller arranged the sale of two stolen machine guns to Defendant, and that Defendant later transferred those firearms to Leon Booker. (*Id.* at 7.)[3] The separate counts against Defendant relate to this overt act.

Defendant filed the instant Motion on March 5, 2012 (Def.'s Mot., ECF No. 103), along with an accompanying memorandum of law (Def.'s Br., ECF No. 103). The Government filed its Response on March 16, 2012. (Gov't's Resp., ECF No. 108.)

## II.   LEGAL STANDARD

Defendants may be joined in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b); *see also United States v. Irizarry*, 341 F.3d 273, 287-88 (3d Cir. 2003). The Supreme Court has stated that there is a strong preference that defendants who have been indicted together should be tried jointly for reasons of efficiency and the avoidance of

---

[2] None of the Codefendants are named in these Counts.

[3] Leon Booker is not charged in the Second Superseding Indictment.

inconsistent verdicts. *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

When two or more defendants are charged together in the same indictment, Federal Rule of Criminal Procedure 14(a) permits a court to sever the defendants' trials if "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." Defendants seeking to sever bear a "heavy burden" and must demonstrate "not only that the court would abuse its discretion if it denied severance, but also that the denial of severance would lead to a clear and substantial prejudice resulting in a manifestly unfair trial." *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005) (citing *Zafiro*, 506 U.S. at 539) (internal quotation marks omitted). "Mere allegations of prejudice are not enough." *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981). Severance should be granted only "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996) (quoting *Zafiro*, 506 U.S. at 539). In evaluating the risk of prejudice, courts must consider "the facts in each case." *Zafiro*, 506 U.S. at 539. "When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.* (citations omitted).

## III.   DISCUSSION

Defendant argues that he should be tried separately from Codefendants because there is a "serious risk of prejudice" as a result of the complexity of the case, his lack of involvement in the conspiracy, and the differences in alleged culpability among all of the Defendants. (Def.'s Br. 1.) The Government responds that Defendant has failed to show prejudice by any "spill over" effect

caused by the evidence that will be presented against Codefendants. The Government also argues that a jury will not have difficulty compartmentalizing Defendant's limited role in the charges alleged, despite Defendant not being charged in the conspiracy.

  We are satisfied that Defendant has not made a showing of clear and substantial prejudice to warrant a severance and separate trial with respect to the counts alleged against him. The case is not so complex as to prejudice Defendant. The factual allegations in the Second Superseding Indictment span a five-month period, and predominantly describe the theft, storage and subsequent arrangements for the sale of firearms by Codefendants. Defendant's involvement is limited to a single purchase and subsequent sale of firearms allegedly stolen by Codefendant Scott. Although Defendant is not named in the conspiracy count, his criminal conduct is alleged as part of the overt acts alleged in support of the conspiracy. Thus, all Defendants are alleged to have participated in the "same series of acts or transactions" which constitute the offenses charged in the Second Superseding Indictment. Fed. R. Crim. P. 8(b). Moreover, the evidence that the Government will need to present to support the charges against Defendant will also be used to establish the conspiracy. Accordingly, "the interests of judicial economy and conservation of resources outweigh any possible prejudice against" Defendant. *United States v. Young*, No. 10-427-1, 2011 U.S. Dist. LEXIS 16467, at *7-8 (E.D. Pa. Feb. 18, 2011) (denying motion to sever where defendant was named in only one of the two conspiracy counts).

  Furthermore, Defendant's argument that he will be prejudiced by the "overwhelming majority of evidence" against Codefendants is without merit. (Def.'s Mot. ¶ 3.) The Third Circuit has made clear that "a defendant is not entitled to a severance merely because evidence against a co-defendant is more damaging than the evidence against the moving party." *Lore*, 430 F.3d at

205 (quoting *United States v. Somers*, 496 F.2d 723, 730 (3d Cir. 1974)).  Rather, "the relevant inquiry is 'whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'"  *Id.* (quoting *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005)).  Here, since Defendant is not even named in the conspiracy count, a jury will be able to compartmentalize any evidence as it relates specifically to Defendant. The charges against Defendant relate to a single purchase and subsequent sale of firearms.  It is highly unlikely that a jury will confuse the evidence presented against Defendant since the evidence relates to this one event, and the counts with which Defendant is charged do not name any of the Codefendants.  We will instruct the jury to consider each count separately and not to be influenced by the evidence presented against Codefendants in its deliberations concerning the charges against Defendant.  *See Lore*, 430 F.3d at 205-06 (noting that a jury is presumed to follow the district court's instructions and consider evidence separately against each defendant and with respect to each offense).

      Defendant's counsel also argues that despite repeated continuance requests by Codefendants, he is available for trial at various times prior to the anticipated trial date.  On December 15, 2011, Codefendant Scott requested that the trial be continued.  (ECF No. 86.) Again, on March 15, 2012, Scott requested a continuance.  (ECF No. 106).  Codefendants Wilson and Miller joined in Scott's March 15, 2012 request for a continuance.  However, severance is not required to preserve Defendant's right to a speedy trial under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(6) (excluding from the calculation of time within which the trial must commence "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom

the time for trial has not run and no motion for severance has been granted").[4] Since the Codefendants have sought a continuance, the time within which a trial must commence under the Speedy Trial Act has not expired as to them. Consequently, the time has also not expired as to Defendant. *See* 18 U.S.C. § 3161(h)(6); *see also United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) (a motion for a continuance by codefendant created excludable delay for the defendant under the Speedy Trial Act).

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Severance will be denied.

An appropriate Order follows.

BY THE COURT:

*[signature]*

_____
**R. BARCLAY SURRICK, J.**

---

[4] The Speedy Trial Act requires that a trial commence within seventy days of a defendant's initial appearance or of the filing and making public of the indictment, if later. *See* 18 U.S.C. § 3161(c). Any delay that results from the filing of a pretrial motion, including a motion for an extension of time, is excluded from the computation of time under the Act. *See* 18 U.S.C. § 3161(h)(1)(F).